UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES PALAO SINGLETON, JR., | ) | |
| | ) | |
| DEBTOR. | ) | CASE NO. 18 B 19268 |
| | ) | |
| | ) | |
| PATRICK S. LAYNG | ) | |
| UNITED STATES TRUSTEE, | ) | ADV. NO. 19 A |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | |
| JAMES PALAO SINGLETON, JR., | ) | |
| | ) | |
| DEFENDANT | ) | HON. JANET S. BAER |

**COMPLAINT OBJECTING
TO DEBTOR'S DISCHARGE**

Now comes Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, M. Gretchen Silver, and for his Complaint Objecting to Debtor's Discharge and for Other Relief (the "Complaint") respectfully states as follows:

**JURISDICTION**

1. Plaintiff is the United States Trustee for the Northern District of Illinois and files this proceeding pursuant to the authority granted to him in Title 11, Section 727(c)(1) of the United States Code.

2. This Court has jurisdiction to hear and determine this complaint pursuant to Title 28, Section 157(b)(2)(J) of the United States Code and IOP15(a) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

1

3. Venue of this proceeding is in the United States District Court for the Northern District of Illinois pursuant to Title 28, Section 1409(a) of the United States Code.

## BACKGROUND

4. James Palao Singleton, Jr. (the "Defendant") filed a Chapter 7 bankruptcy petition on July 10, 2018. A copy of the Defendant's petition, schedules and statement of financial affairs is attached as *Exhibit A*. On or about the same time, Richard J. Mason was appointed trustee ("Trustee") in the Defendant's case. Mr. Mason resigned and Alex D. Moglia was appointed and continues to serve as the trustee.

5. According to his Schedules ("Schedules"), the Defendant's liabilities were listed on Schedule F as $204,632.41 and the Defendant's assets were listed on Schedule B as $310,000. The largest asset listed is a potential cause of action, which he valued at $309,500. To date, no lawsuit has been filed.

6. Schedule I lists pension income of $483.20 for the Defendant.

7. The Defendant disclosed no income in the Statement of Financial Affairs ("SOFA") in response to income from employment or operation of business, except for a $10,000 lottery winning.

8. The Defendant fails to disclose any transfer of property in the SOFA and answered "none" regarding "Other Transfers" in paragraph 18 of the SOFA.

9. Defendant attached to his Schedules was a list entitled "Companies Dissolved Owned or Managed." On its face, the list purported to have been updated July 8, 2018 for the purpose of Chapter 7. The list identified fourteen (14) entities through which Defendant claimed to have done business. Defendant disclosed zero income from any of those entities and has failed

to produce documents to the U.S. Trustee that explain any of the Defendant's business operations in these entities.[1]

10. The Defendant appeared and testified at his First Meeting of Creditors. The Trustee requested certain documents, including documents related to the list of business entities. The Defendant provided some documents to the Trustee.

11. On October 9, 2018, the Court entered on Order permitting the U.S. Trustee to conduct discovery of the Defendant pursuant to Bankruptcy Rule 2004 (Docket No. 52).

12. On July 15, 2019, the U.S. Trustee served a subpoena (the "Subpoena") upon the Defendant requesting certain documents be produced beyond those that the Defendant had produced to the Trustee. A copy of the Subpoena is attached as *Exhibit B*.

13. Although the U.S. Trustee received certain documents from a judgment creditor and the Trustee, the Defendant wholly failed to respond to the Subpoena. On September 10, 2019, the U.S. Trustee filed a Motion to Compel Compliance with Subpoena (Docket No. 120).

14. The Court entered an order requiring Defendant to produce documents responsive to the Subpoena by September 30, 2018 (the "Compliance Order")(Docket No. 127). A copy of the Compliance Order is attached as *Exhibit C*.

15. The Defendant failed to obey the Compliance Order and the Defendant failed to produce documents to the U.S. Trustee in compliance with the Subpoena.

16. On October 3, 2019, the Court entered an Order Finding Failure to Comply with Court Order (Order Finding Failure to Comply), a copy of which is attached as *Exhibit D*. (Docket No. 130).

---

[1]   The U.S. Trustee has received copies of documents that Defendant has produced to the Trustee and a secured creditor, but these documents are insufficient for the U.S. Trustee's analysis of this case and do not in any way satisfy the Defendant's duties to respond to the Subpoena.

### COUNT I – THE DEFENDANT FAILED TO SATISFACTORILY EXPLAIN HIS LOSS OR DEFICIENCY OF ASSETS

17. The U.S. Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16.

18. Section 727(a)(5) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless the debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities.

19. Based on the Defendant's failure to comply with the Subpoena and to otherwise provide documents which might support the veracity of his Schedules, income available and lack of assets, the U.S. Trustee believes and alleges that the Defendant has failed to satisfactorily explain his loss of assets or his deficiency of assets to meet his liabilities.

WHEREFORE, the U.S. Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to Section 727(a)(5) of the Bankruptcy Code and for such other relief as is just.

### COUNT II – THE DEFENDANT HAS REFUSED TO COMPLY WITH LAWFUL COURT ORDERS IN VIOLATION OF BANKRUPTCY CODE SECTION 727(a)(6)(A)

20. The U.S. Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 19.

21. The Defendant failed to produce documents following the entry of the Court's Compliance Order.

22. Section 727(a)(6)(A) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge, unless the debtor has refused in the case to obey any lawful order of the Court.

23. As a result of the Defendant's failure to deliver documents to the U.S. Trustee and to obey the Compliance Order, the Court entered the Order Finding Failure to Comply. Therefore, Defendant has been found to have failed to obey a lawful order of the Court.

WHEREFORE, the U.S. Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to Section 727(a)(6) of the Bankruptcy Code and for such other relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: October 15, 2019              BY:/s/ *M. Gretchen Silver*
                                                                              M. Gretchen Silver
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois  60604
(312) 353-5054